IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| KEITH LYNCH,<br><br>　　　Plaintiff,<br><br>vs.<br><br>CUSTOM WELDING & REPAIR, INC., and RANDALL G. SEASE D/B/A SEASE LAW FIRM,<br><br>　　　Defendants. | NO: 5:14-cv-04072-MWB |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff submits this motion to compel discovery as to Defendant Randall G. Sease ("Sease") pursuant to Rule 37, and in support respectfully states as follows:

This is a case brought, in part, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), which alleges, among other things, that Sease used unfair practices in the course of attempting to collect an alleged debt from Plaintiff. Specifically, that Sease sent a collection letter to Plaintiff, which used false threats in effort to coerce Plaintiff into paying a debt, attempted to collect extra fees not permitted by law, and which failed to provide Plaintiff with requisite disclosures as to his rights. The FDCPA applies to the conduct of "debt collectors," and therefore a threshold issue in this case is whether Sease is a "debt collector" as defined by the Act. Sease has raised the defense that he is not a debt collector. Plaintiff served discovery that is reasonably calculated to lead to evidence relating to this issue, and Sease refuses to provide any of

1

the requested information. Plaintiff is entitled to this discovery pursuant to Rule 26(b) as it directly relates to a defense at issue in this case. Plaintiff has made efforts to resolve this dispute with Sease, but those efforts have been unsuccessful, and now Plaintiff moves the Court to compel discovery.

Under the FDCPA, a debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Attorneys, like any other person, are subject to this definition, regardless of whether they are also engaging in the practice of law in the course of their collection activity. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). A person may be a debt collector when they collect debts "regularly," even when that amounts to a small fraction of his total business activity. *See Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997). Thus, a key issue is Sease's business and to what extent debt collection comprises that business.

Where a defendant claims it is not a debt collector, a plaintiff is entitled to discovery to obtain evidence on the issue. *See, e.g.*, *Mikesell v. Hafeli Staran Hallahan & Christ, P.C.*, No. 11-10229, 2011 WL 1812749, at *3 (E.D. Mich. May 12, 2011).

Among Plaintiff's discovery requests, Plaintiff requested Sease to produce the following:

> Plaintiff's Request for Production No. 15: "All documents related to the collection of any money by Defendant on behalf of third parties within the last 6 years."

2

Sease's Response: "Objection, such information is not relevant nor likely to lead to relevant evidence. Such request violates the attorney-client privilege. Such request is overly broad and unduly burdensome in that almost every file other than criminal defense, real estate, and probate would fit this request."

Plaintiff's Request for Production No. 16: "All documents related to Defendant's bookkeeping or accounting for the last 6 years, such as profit/loss statements, tax returns, and any other business records showing the source(s) of Defendant's income."

Sease's Response: "Objection, tax returns only show Schedule C income which is private and not discoverable. I have no profit loss statements, bookkeeping or accounting records. I prepare my own tax returns."

Plaintiff's Request for Production No. 18: "Any and all documents referred to in answering any of Plaintiff's discovery requests."
Sease's Response: "See provided documents."
Sease's Supplemental Response: "DEF-001-019."

Plaintiff's Request for Production No. 19: "Any and all documents identified in response to any of Plaintiff's interrogatories."
Sease's Response: "See provided documents."
Sease's Supplemental Response: "DEF-001-019."

Relevant interrogatories propounded upon Sease include:

Plaintiff's Interrogatory No. 2: "Identify and describe all documents referred to, or consulted, in the preparation of Defendant's answers and responses to Plaintiff's discovery requests."
Sease's Response: "I reviewed my case files from the last 6 years for any consumer debt collection actions."

Plaintiff's Interrogatory No. 11: "Please state the number of times in the previous six years you have attempted to collect money on behalf of another party."
Sease's Response: "I have been in practice of law as a small town general trial practitioner for 30 years. Virtually every civil action filed is an attempt to collect monies for a wrong committed. I have over the last 30 years had over 4000 active files. The only files I found that could be considered a collect [sic] for unpaid goods was from a carpet installer, local mechanic and a wholesale equipment supplier."

3

> Plaintiff's Interrogatory No. 12: "Please state the percentage of your total law office business that is related to the collection of money on behalf of another party, and describe how you calculated that figure."
>
> Sease's Response: "Less than 1%. I looked at total amount billed for services which was only negligible amounts compared to average yearly billing."
>
> Sease's Supplemental Response: "This number is in reference to the three individual clients referenced in Response No. 11."

As is evident from the responses, Sease maintains business records demonstrating the extent to which his business comprises debt collection activity. In fact, he examined these business records in responding to Plaintiff's interrogatory numbers 2, 11, and 12. Yet, he refuses to produce these documents in response to Plaintiff's requests. While he need not produce every single piece of paper related to each and every case file for the last 30 years, he should produce what business records he referred to in responding to Interrogatory numbers 2, 11 and 12, as requested in requests for production numbers 18 and 19. In addition, Sease's records that show his business income from these files are also relevant to determining whether his debt collection activities are regular or substantial. These documents should also be produced, as requested in request for production number 16.

By withholding these relevant documents, Sease is prejudicing Plaintiff's ability to prosecute his case. Sease has refused to produce these documents, and therefore this Court should compel Sease to produce them.

Dated: July 17, 2015

>Respectfully submitted,
>
>/s/ JD Haas
>JD Haas, Esq., AT0003014
>JD HAAS AND ASSOCIATES, PLLC
>Attorneys for Plaintiff
>9801 Dupont Ave South, Suite 430
>Bloomington, MN 55431
>Telephone: (952) 345-1025
>Facsimile: (952) 854-1665
>Email: jdhaas@consumerlawinfo.com

## **CERTIFICATE OF SERVICE**

I certify that on July 17, 2015, a true and correct copy of the foregoing was filed with the Court using CM/ECF, which will send notification of such filing to:

Matthew Sease
Kemp & Sease
104 SW 4th ST. Suite A
Des Moines, IA 50309
msease@kempsease.com

>s/JD Haas
>JD Haas