# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

KEITH LYNCH,

    Plaintiff,

vs.

CUSTOM WELDING & REPAIR,
INC., et al.,

    Defendants.

No. C14-4072-LTS

**ORDER**

_____

This case is before me on a motion (Doc. No. 10) by plaintiff Keith Lynch (Lynch) to compel discovery from defendant Randall Sease (Sease). Sease has filed a resistance (Doc. No. 11). Lynch did not file a reply. While Sease has requested oral argument, I find that it is not necessary.

In resisting the motion, Sease contends that Lynch failed to comply with Local Rule 37 before filing the motion. Rule 37 states, in relevant part:

> **a.** **Declaration Required.** No motion relating to discovery may be filed unless counsel for the moving party electronically attaches to the motion a declaration, subscribed under penalty of perjury pursuant to 28 U.S.C. § 1746, attesting to the following:
>
> 1. Counsel, in good faith, has conferred <u>personally</u> with counsel for the opposing party in an attempt to resolve or narrow by agreement the issues raised by the motion;
>
> 2. The lawyers have been unable to reach an agreement; and
>
> 3. The nature of the disagreement.
>
> In the alternative, counsel for the moving party may certify in a written declaration, subscribed under penalty of perjury pursuant to 28 U.S.C. § 1746, that a personal conference with opposing counsel was impossible, and describe the efforts undertaken to schedule the conference. <u>An</u>

> exchange of written communications or a single telephone message will not,
> by itself, satisfy the requirements of this section.

N.D. Ia. L.R. 37(a) [underlining added]. Sease's counsel states, in a declaration (Doc. No. 11-2), that Lynch's counsel of record (JD Haas) made no effort to communicate about the issues in dispute before filing the motion to compel. Doc. No. 11-2 at ¶¶ 2-3. Sease's counsel states that another attorney for plaintiff, Joe Panvini, simply sent two email messages about Sease's discovery responses before the motion to compel was filed. *Id*. at ¶¶ 4, 6. Sease's counsel notes that Mr. Panvini has not appeared in this action and is not admitted pro hac vice. *Id*. at ¶ 5.

This information is consistent with the rather vague declaration (Doc. No. 10-1) of Mr. Haas, filed with the motion to compel. Mr. Haas states: "Prior to fling Plaintiff's motion to compel discovery, Plaintiff's counsel conferred with Defendants' counsel in effort to resolve the issues raised by the motion." Doc. No. 10-1 at ¶ 2. He does not describe the manner of the alleged communication or state that he, personally, participated.

Upon reviewing Sease's resistance, Lynch could have filed a reply to rebut any inaccurate statements made by Sease's counsel and demonstrate that Lynch's counsel complied with Rule 37. He did not do so. Thus, I can only assume that Sease's counsel's undisputed version of events is correct. As such, I find that Lynch failed to comply with Rule 37 prior to filing the motion to compel.[1] As the rule makes clear, sending email messages without picking up the telephone and actually attempting to discuss the disputed issues does not suffice. The motion (Doc. No. 10) to compel is **denied.**

---

[1] I need not decide whether contacts made by Mr. Panvini, who is not an attorney of record and not admitted pro hac vice, would satisfy Rule 37. Whether the email messages were sent by Mr. Haas or by Mr. Panvini, they did not suffice.

Case 5:14-cv-04072-LTS   Document 12   Filed 08/20/15   Page 2 of 3

**IT IS SO ORDERED.**

**DATED** this 20th day of August, 2015.

                                              _____
                                              LEONARD T. STRAND
                                              UNITED STATES MAGISTRATE JUDGE